IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-00281

MARK WILSON, and all others similarly
situated under 29 USC § 216(b),

    *Plaintiff*,

v.

SCHLUMBERGER TECHNOLOGY
CORPORATION & SCHLUMBERGER
LIMITED (SCHLUMBERGER N.V.)

    *Defendants*.

---

**PLAINTIFF'S ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT**

---

## I.    PRELIMINARY STATEMENT

1.    Plaintiff Mark Wilson on his own behalf and on behalf of all others similarly situated ("Plaintiffs") files this Complaint against Defendants Schlumberger Technology Corporation ("STC") and Schlumberger Limited (Schlumberger N.V.) ("SLD")(collectively, "Defendants"), and in support shows the Court the following:

2.    This is a collective and class action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*, Federal Rule of Civil Procedure 23, and the Colorado Wage Claim Act. Plaintiff brings this lawsuit to recover unpaid overtime wages and other damages on behalf of himself and all similarly situated employees. Defendants attempted to circumvent protections afforded by the Fair Labor Standards Act ("FLSA") and Colorado Wage Claim Act ("State Wage Law") by misclassifying Plaintiffs as exempt from the overtime protections and the benefits of the FLSA. Defendants paid Plaintiffs a base salary and day rate that failed to lawfully

compensate these individuals for overtime work. Plaintiff and the Potential Plaintiffs frequently worked over 40 hours per workweek (and 12 hours per workday) but did not receive overtime compensation as required under the FLSA.

## II. PARTIES

3. Plaintiff Mark Wilson is a resident of Colorado and hereby consents to be a plaintiff in this lawsuit. *See* attached consent. Plaintiff brings this action individually and on behalf of an opt-in class of those similarly situated ("FLSA Class Members" or "Potential Plaintiffs") pursuant to the FLSA. The FLSA Class Members consist of Defendants' current and former Measurement-While-Drilling Operators ("MWD Operators"). At all relevant times, the FLSA Class Members have constituted Defendants' "employee[s]" as that term is understood under the FLSA.

4. Plaintiff also brings this action as a Rule 23 class action pursuant to State Wage Law on behalf of an opt-out "Rule 23 Class." The Rule 23 Class Members consist of Defendants' current and former Measurement-While-Drilling Operators ("MWD Operators") who worked for Defendants in or out of Colorado during the statutory period ("Rule 23 Class Members"). At all relevant times, Plaintiff and the Rule 23 Class Members were Defendants' "employees" within the meaning of State Wage Law.

5. Defendant Schlumberger Technology Corporation is a domestic corporation formed and existing under Texas law that maintains and operates its principal office in Texas. Defendant can be served with process by serving its registered agent, National Registered Agents, Inc. at 1999 Bryan Street, Suite 900, Dallas, Texas 75201 or wherever it may be found.

6. Defendant Schlumberger N.V. (Schlumberger Limited) is a foreign for-profit company that has appointed National Registered Agents, Inc. as its agent for service of process

and may be served at 16055 Space Center, Suite 235, Houston, TX 77062 or wherever it may be found.

### III. JURISDICTION AND VENUE

7. This Court has jurisdiction over the claims because Plaintiffs have asserted a claim arising under federal law and specifically the FLSA.

8. This Court has subject matter jurisdiction over the Colorado state law claims pursuant to 28 U.S.C. § 1332(d) because this is a class action with an amount in controversy of over $5,000,000.00 exclusive of interest and costs, and pursuant to its supplemental jurisdiction pursuant to 28 U.S.C § 1367.

9. Venue is proper in this District Court because a substantial portion of the events forming the basis of this suit occurred in this District and because one or more of the Parties resides in this District.

### IV. COVERAGE FACTS

10. At all material times, Defendants acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

11. At all times hereinafter mentioned, Defendants were an employer or joint employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the Colorado State Wage Law.

12. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person

and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated). Specifically, Plaintiff and Defendants' other MWD Operators handled MWD equipment and tools that had been moved in or produced for commerce during all relevant times. Defendants operate or have operated in interstate commerce, by among other things, dispatching labor and equipment throughout the United States.

13. At all times hereinafter mentioned, Plaintiff and the Potential Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. Specifically, Plaintiff and the Potential Plaintiffs handled MWD equipment and tools supplied by Defendants that had been moved or produced in commerce during their employment with Defendants.

## V. FACTUAL ALLEGATIONS

14. Defendants have been involved in the oilfield services industry throughout the United States, including in this Judicial District, over the relevant time-period and make more than $500,000.00 per year in business.

15. Defendant STC supervises and controls MWD Operators, including Plaintiff and those employed by Defendant SLD. Defendant STC's employees acted as managers for MWD Operators and Plaintiff, assigning Plaintiff to work in locations throughout the United States, setting work shifts and schedules, and overseeing how they performed their duties.

16. Defendant SLD holds itself out as an "industry leader" in providing "measurement-while-drilling" services and employs approximately "95,000 people."[1] To provide these measurement-while-drilling services, Defendants directly, indirectly or jointly

---

[1] *See* https://www.sec.gov/Archives/edgar/data/87347/000156459016012009/slb-10k_20151231.htm (containing Schlumberger Limited's 10-K Annual Report).

employ MWD Operators, including Plaintiff and the other MWD Operator Class Members. These MWD Operators work and reside throughout the United States, including the Plaintiff who resides in this District.

17. Plaintiff worked as an MWD Operator for Defendants within the last three years and during the years covered by this lawsuit. While working as MWD Operators Plaintiffs handled materials in interstate commerce, including MWD equipment and tools supplied by Defendants and Defendants' clients.

18. As MWD Operators, the Class Members' job duties included operating oilfield machinery, collecting/relaying data, and reporting their daily activities to their field supervisors for analysis. Plaintiff and the Class Members performed their day-to-day work within the parameters set by Defendants. The duties of Plaintiff and the Class Members were routine in nature and largely governed by standardized checklists provided by Defendants. Defendants set every element of Plaintiff's and Class Members' jobs, including the tools used at the site, the data to compile, the work schedule and duties. These job duties (1) were primarily manual labor and technical in nature, (2) required no official educational training or college degree, and (3) did not involve supervisory or managerial functions.

19. Plaintiff routinely worked over 40 hours per week. In fact, Plaintiff worked as many as 80 hours, or more, in weeks covered by this lawsuit. Defendants knew that Plaintiff regularly worked in excess of 40 hours per week and it allowed and directed him to do so. Despite this knowledge, Defendants failed to properly pay overtime to the Plaintiff. Instead of properly paying overtime, Defendants paid Plaintiff pursuant to a base salary plus day rate pay scheme that failed to provide Plaintiff with overtime compensation for overtime work. Because Defendants included additional compensation in the form of day rate pay, Defendants also

further deprived the Class Members proper wages by failing to include this pay into the regular rate when calculating overtime wages due.

20. Since February 2012, Plaintiffs have filed no less than 35 FLSA lawsuits to address Defendants' violations of the FLSA. Defendants have faced numerous lawsuits specifically brought to redress these pay practices as they apply to Defendants' MWD Operators. Nonetheless, Defendants have refused to change their misclassification scheme.

21. The Department of Labor's Wage and Hour Division ("DOL") has also investigated Defendant STC on two separate occasions. On both occasions, the DOL found STC culpable for **over 100 separate case violations**. Unfortunately, the DOL's findings did not deter Defendants, who have continued to recklessly or intentionally violate the law.

22. In this case, Defendants recklessly disregarded the FLSA by classifying Plaintiffs and all MWD Operators as exempt from overtime wages. This classification is merely the continuation of Defendants' consistent corporate-wide policy of classifying obviously non-exempt, blue-collar workers as exempt from overtime wages. Defendants made the conscious decision to misclassify Plaintiff and other MWD Operators despite having full knowledge that the pay scheme violated the FLSA based on the following:

- Two DOL Investigations and over 30 FLSA lawsuits that put Defendants on actual notice of the FLSA and its requirements;

- Two DOL investigations that found STC guilty of 246 case violations, STC's agreement to pay back-pay resulting from those investigations and its assurances to comply with the FLSA in the future; and

- The *Boudreaux v. Schlumberger Tech Corp.* lawsuit that put Defendants on notice that they had misclassified MWD Operators as exempt from overtime wages. STC showed callous disregard for the law by (1) not changing the specific pay practices at issue here **despite the passage of two years**; and (2) instead instituting an arbitration policy with "class killer" clauses to deter collective action lawsuits.

## VI. CLASS ACTION ALLEGATIONS

23. Plaintiff incorporates all of the allegations previously made in this Complaint.

24. Plaintiff also brings his class action on behalf of the Rule 23 Class Members.

25. The Rule 23 Class Members are so numerous that their joinder is impracticable.

26. Common questions of law and fact for the Rule 23 Class Members predominate over any questions affecting any individual member, including:

   a. Whether Defendants violated applicable State Wage Law by failing to pay the Rule 23 Class Members overtime compensation for all hours worked in excess of 40 in an individual workweek or 12 in an individual workday;

   b. Whether Defendants violated applicable State Wage Law by failing to incorporate Day Rate and any Additional Pay to calculate overtime for the Rule 23 Class Members;

   c. The proper measure of damages sustained by Rule 23 Class Members;

   d. Whether Defendants should be enjoined for such violations in the future.

27. Plaintiff's claims are typical of those of the Rule 23 Class Members. He and the Rule 23 Class Members: (1) were responsible for performing frontline, manual, oilfield services; (2) worked over 40 hours in at least one workweek or over 12 hours in at least one workday in Colorado during the statutory period; (3) were not paid overtime for all overtime hours worked; and (4) were denied overtime wages at a rate of one-and-one half times their regular rates of pay for all of their overtime work.

28. Plaintiff will fairly and adequately protect the Rule 23 Class Members' interests and has retained counsel experienced in complex wage and hour class action litigation.

29. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the

Rule 23 Class Members, making final injunctive and/or declaratory relief appropriate to the Rule 23 Class Members as a whole.

30. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because: (1) questions or law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage and hour litigation—individuals lack the financial resources to vigorously prosecute lawsuits against large corporate Defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendants' policies and practices. No apparent difficulties exist in managing this class action. Plaintiff intends to send notice to the proposed Rule 23 Class Members to the extent required by Fed. R. Civ. 23(c).

## VII. COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

31. During the relevant period, Defendants violated and continue to violate the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates of pay, for which they were employed. Defendants have acted willfully in failing to pay Plaintiffs in accordance with the law.

## VIII. COUNT II: VIOLATION OF COLORADO WAGE CLAIM ACT

32. Plaintiff and the Rule 23 Class Members are entitled to unpaid overtime wages in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess

of 40 hours in a workweek or 12 hours in a workday pursuant to the Colorado Wage Claim Act (§ 8-4-101 et seq.).

33. During the relevant time period, Defendants violated and continue to violate State Wage Law by employing employees and regularly and repeatedly failing to pay employees for all hours worked and failing to pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the Rule 23 Class Members have suffered and will continue to suffer from a loss of income and other damages. Plaintiff and the Rule 23 Class Members are entitled to their unpaid wages, prejudgment interest, and all costs in bringing this action that are recoverable under Colorado Law.

## IX. RELIEF SOUGHT

34. WHEREFORE, Plaintiff, on behalf of himself and the opt-in Rule 23 Class Members, prays for relief against Defendants as follows in regards to their FLSA collective action claims:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the lawsuit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the lawsuit);

   b. For an Order awarding Plaintiff (and those who may join in the lawsuit) the costs of this action;

   c. For an Order awarding Plaintiff (and those who may join in the lawsuit) attorneys' fees;

   d. For an Order awarding Plaintiff (and those who may join in the lawsuit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

   e. For an Order granting such other and further relief as may be necessary and appropriate.

35. WHEREFORE, Plaintiff individually and on behalf of the applicable opt-out Rule 23 Class Members, prays for relief against Defendants as follows in regards to their class action complaint:

   a. For an Order Certifying the State Wage Law claims as Class Actions pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as Class Representatives under applicable State Wage Law, and for designation of Plaintiff's counsel as class counsel;

   b. For Judgment that Defendants violated relevant State Wage Law by failing to pay Plaintiff and the Rule 23 Class Members overtime compensation;

   c. For an Order awarding Plaintiff and the applicable Rule 23 Class Members all unpaid overtime compensations, prejudgment interest and all available penalty wages under applicable State Wage Law;

   d. For all costs incurred prosecuting this claim, as allowed by law; and

   e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

 */s/ J. Derek Braziel*
**J. DEREK BRAZIEL**
*Co-Attorney in Charge*
Texas Bar No. 00793380
jdbraziel@l-b-law.com
**J. FORESTER**
Texas Bar No. 24087532
forester@l-b-law.com
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com


**JACK SIEGEL**
*Co-Attorney in Charge*
Texas Bar No. 24070621
jack@siegellawgroup.biz
Siegel Law Group, PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201
(214) 706-0834 phone
(469) 339-0204 fax
www.siegellawgroup.biz

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is the Original Complaint. Service of this Complaint will be made on Defendants with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.


/s/ J. Derek Braziel
**J. DEREK BRAZIEL**