IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 17-cv-00281-RBJ

MARK WILSON, and all others similarly situated under 29 USC § 216(b),

     Plaintiff,

v.

SCHLUMBERGER TECHNOLOGY CORPORATION,

     Defendant.

---

**ORDER**

---

This matter is before the Court on a Motion for Conditional Class Certification and for

Notice to Opt-In FLSA Class filed by plaintiff Mark Wilson and all others similarly situated

under 29 U.S.C. § 216(b), ECF No. 40; defendant Schlumberger Technology Corporation's

("STC") Partial Motion to Dismiss Opt-In Plaintiffs for Lack of Jurisdiction, ECF No. 44; and

STC's Motion for Partial Summary Judgment as to the Opt-In Plaintiffs, ECF No. 47.  After

considering the briefings, I DENY these motions.

## I. BACKGROUND

### A. Factual Background.

Defendant STC is a Texas corporation involved in the oilfield services industry.  ECF

No. 1 at 4.  Plaintiff Mark Wilson worked for STC as a measurement-while-drilling operator

("MWD operator").  *Id.* at 2.  In this role, Mr. Wilson operated oilfield machinery, collected and

relayed drilling data, and reported his daily activities to his field supervisors for analysis.  *Id.* at

5.

Like all other MWD operators, Mr. Wilson was compensated pursuant to a scheme

whereby STC paid him a base salary plus a day rate rather than under a scheme with the potential

for overtime payments.  *Id.* at 5–6.  Sometimes Mr. Wilson worked shifts that totaled more than

40 hours a week and workdays that lasted longer than 12 hours.  *Id.*  Mr. Wilson alleges that by

utilizing the base-salary-plus-day-rate payment scheme, STC violated the Fair Labor Standards

Act ("FLSA") and the Colorado Wage Claim Act because it misclassified MWD operators as

exempt from overtime protections and thus deprived them of overtime payments in weeks that

they worked more than 40 hours.  *Id.*

### B.  Procedural History.

In order to fully understand the nuances of this case, it is instructive to look back at two

cases filed against STC before plaintiffs initiated this action.  On July 8, 2014 several STC

employees filed a collective action lawsuit against STC in the Western District of Louisiana

alleging FLSA violations based on STC's compensation scheme.  *See Boudreaux, et al. v.*

*Schlumberger Tech. Co.*, No. 6:14-cv-02267, (W.D. La.) ("*Boudreaux*").  The judge presiding

over *Boudreaux* granted the plaintiffs' request for conditional certification as to a class of MWD

operators, and in February 2015 notice was issued to a nationwide class that included all MWD

operators employed by STC as of February 5, 2015.  ECF No. 15 at 3.  Mr. Wilson was among

those notified of their eligibility to join the class in *Boudreaux* but he chose to not join.  ECF No.

24 at 1.  The *Boudreaux* case is still pending.

In 2016 a separate group of STC employees filed a similar suit against STC in the Western District of Texas. *See Gilchrist, et al. v. Schlumberger Tech. Co.*, No. 1:16-CV-0008 (W.D. Tex.) ("*Gilchrist*"). Mr. Wilson attempted to opt in to the *Gilchrist* case, but STC opposed Mr. Wilson's joinder in that case citing a class waiver allegedly signed by the named plaintiff. *Id.* at 2. At that point Mr. Wilson turned his attention back to *Boudreaux* and attempted to opt-in, but STC opposed a reopening of the opt-in period in that case. *Id.* Thus, left without any other means by which to pursue his FLSA claim against STC, Mr. Wilson filed the present lawsuit in the District of Colorado on January 30, 2017. ECF No. 1.

On April 11, 2017 STC filed a motion to transfer this case to the Western District of Louisiana. ECF No. 15. I denied that motion, noting the tactical maneuvering that has been employed by both parties and STC's failure to show that Louisiana is a more appropriate venue than Colorado. ECF No. 31. Mr. Wilson then filed a motion to conditionally certify a collective action, ECF No. 40, which STC opposes. In response, STC filed two motions that are relevant only if this Court were to certify the proposed collective action. *See* ECF Nos. 44 ("Partial Motion to Dismiss"), 47 ("Motion for Partial Summary Judgment"). These motions have been fully briefed and are ripe for the Court's review.

## II. ANALYSIS

Mr. Wilson, early opt-in plaintiffs Lisa Moss, Kurtis Bisnette, and Nicholas Cooper, and all similarly situated employees (collectively, "plaintiffs") filed a motion seeking conditional certification of a collective action and for notice to potential collective action members. ECF No. 40. Plaintiffs define the potential class as:

> "All Measurement-While-Drilling Operators (or individuals who performed
> similar duties under distinct titles) employed by Defendant from three years prior

> to the date the Court grants the First Stage Motion ("TBA") to the present who
> were paid on a salary-plus-day rate basis and have not previously consented to
> participate in *Boudreaux v. Schlumberger Tech Corp* or another Fair Labor
> Standards Act case."

*Id.* at 4.

When considering a plaintiff's request for conditional certification, courts in the Tenth

Circuit apply the standard espoused in *Thiessen v. General Electric Capital Corporation*, 267

F.3d 1095 (10th Cir. 2001).  That decision and its progeny lay out a two-step framework for

considering these requests.  *Id.*  During the first step—the "notice stage"—the court "requires

nothing more than substantial allegations that the putative class members were together the

victims of a single decision, policy, or plan." *Id.* at 1102 (quotations and alteration omitted).  "If

the court finds a sufficient threshold showing of similarity, some form of notice may be given to

the co-workers of the pendency of the action and a deadline set for them to expressly opt in." *Id*.

Then, after the close of discovery, "the court makes a second determination, utilizing a stricter

standard of similarly situated." *Id.*  During this second step, the court "considers several factors,

including the discrete factual and employment settings of the individual plaintiffs, the various

defenses available to the defendant that appear to be individual to each plaintiff, and fairness and

procedural considerations." *Id*.

Because discovery is still ongoing in this case, we are currently at the less demanding

first step whereunder plaintiffs must substantially allege that they are "similarly situated" to the

proposed class. *See* ECF No. 40 at 1.  Plaintiffs have alleged that the early opt-in plaintiffs and

other potential members of the proposed class are "together the victims of a single decision,

policy, or plan," *Thiessen*, 267 F.3d at 1102, namely STC's compensation scheme.  *Id.*  Plaintiffs

also allege that the proposed class members had identical job duties, and that at certain points they worked in excess of 40 hours per week but were not paid any overtime compensation. *Id.*

However, even with these showings, I am not convinced that conditionally certifying a collective action is appropriate in this case. As I made clear during the July 10, 2017 scheduling conference and in a subsequent order, based on the prior strategic maneuvering of both Mr. Wilson and STC—*i.e.*, the fact that Mr. Wilson opted out of the *Boudreaux* collective action only to then try and pursue his claims in the Texas case, and the fact that STC effectively shut Mr. Wilson out of those two suits by opposing Mr. Wilson's efforts to join the action in Texas and rejoin *Boudreaux*—I would only consider certifying a collective action in this case as to individuals who have neither joined *nor had an opportunity to join* a previously filed FLSA suit against STC. ECF No. 35. The very fact that the *Boudreaux* case is still pending and involves substantively the same class and same claims against STC as proposed here is enough to give me pause in certifying a successive collective action, but it also appears that most every member of plaintiffs' proposed class indeed actually had the opportunity to join the class in *Boudreaux*. The record shows that the three early opt-in plaintiffs—Lisa Moss, Kurtis Bisnette, and Nicholas Cooper—were provided notice of their eligibility to opt-in to the *Boudreaux* class. ECF No. 43-1 at ¶ 3 ("Declaration of Robert P. Lombardi"). Nicholas Cooper filed a Consent to Join the *Boudreaux* litigation and is an opt-in class member in that suit. *Id.* at ¶ 4. Thus, Mr. Cooper is ineligible to be part of this proposed collective action under the plaintiffs' definition of the proposed class. *See* ECF No. 40 at 4 (defining the proposed class as "All MWD Operators . . . who have not previously consented to participate in *Boudreaux*"). Further, Lisa Moss and Kurtis Bisnette both received notice in *Boudreaux* but chose not to opt in. ECF No. 43-1 at ¶ 3. As

5

such, the three early opt-in plaintiffs have already had the opportunity to join *Boudreaux* and

pursue their FLSA claims against STC.[1]

Further, the record indicates that there are very few, if any, unnamed members of the

proposed class who have not already had the opportunity to join a FLSA collective or class

action against STC.  Since the time that notice in the *Boudreaux* case was sent out to MWD

operators, STC has not hired any new MWD operators in Colorado.  ECF No. 43-2 at ¶ 4

("Declaration of Tarique Smith").  Therefore, every MWD operator in Colorado—and therefore

every eligible potential plaintiff—ostensibly had the opportunity to join the *Boudreaux* class.

As such, while plaintiffs may be able to point to MWD operators who are similarly

situated in terms of job duties and in being subjected to the same payment scheme at STC, they

fail to point to a single potential plaintiff (aside from Mr. Wilson) who either did not have or was

deprived of the opportunity to join an FLSA action against STC.  Mr. Wilson's claim is better

suited as an individual action against STC than a successive collective action to *Boudreaux* based

on the unique circumstances underlying his inability to join the *Boudreaux* litigation despite his

desire to do so.  And if there is an MWD operator who wishes to pursue his or her FLSA claim

against STC in their individual capacity, my denying this request to conditionally certify the

class does not shut the courthouse doors to them.

---

[1] In addition, at the July 10, 2017 hearing before this Court and through subsequent briefing, STC's attorney in *Boudreaux* and the above-captioned matter, Robert Lombardi, testified that the three early opt-in plaintiffs knowingly waived their ability to proceed in a collective or class action when they accepted severance packages.  ECF No. 35.  In particular, he testified that "each of the three opt-ins were terminated as part of a reduction in force, and as part of Schlumberger's routine practice they received an severance offer which they were required to sign [sic] a severance agreement that received a waiver and release of claims. It did not release any FLSA claims, which, of course, cannot be done as a matter of law. But it did release their ability or right to proceed in a collective or class action or represent additional parties in a collective or class action.  And the specific agreement has been upheld in three different courts where it's been challenged, the Western District of Pennsylvania, Western District of Louisiana, and Southern District of Texas." *Id.*

Therefore, plaintiffs' motion for conditional class certification is DENIED. Further, because I have denied the conditional certification of this collective action, defendant's Partial Motion to Dismiss Opt-In Plaintiffs for Lack of Jurisdiction, ECF No. 44, and Motion for Partial Summary Judgment as to the Opt-In Plaintiffs, ECF No. 47, are DENIED as moot.

DATED this 30th day of March, 2018.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge